Ellen HOPPOCK and Patricia Hoppock, minors under the age of 18, By and Through their next friends David HOPPOCK, Jeanne Hoppock, and Sheila Slaughter, a minor under the age of 18, By and Through her next friends Bruce Slaughter and Janet Slaughter, Plaintiffs,

v.

TWIN FALLS SCHOOL DISTRICT NO. 411, Defendant.

Civ. No. 91–0157.

United States District Court, D. Idaho.

Sept. 10, 1991.

Craig Marcus, Marcus, Merrick & Montgomery, Boise, Idaho, for plaintiffs.

Fritz A. Wonderlich, Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, Idaho, for defendant.

### MEMORANDUM DECISION

CALLISTER, Senior District Judge.

This case challenges a federal statute that employs questionable means to

achieve a laudable goal. The federal statute at issue, the Equal Access Act, 20 U.S.C. §§ 4071–4074 (1990) (EAA), requires public secondary schools to provide student religious clubs the same access to school facilities that other student clubs receive. To achieve this commendable result, however, the EAA injects the heavy hand of federal government into local school administration, and forces school districts to ignore provisions of the Idaho Constitution that arguably prohibit religious groups from using school property.

Federal encroachment into areas traditionally left to state or local control has become so commonplace that we as a people are becoming numb to it. But silent complacency simply encourages further intrusions. In this opinion, the Court will examine and reaffirm the sovereign power of the state, and define the constitutional limits on congressional power. As will be developed in this discussion, it is too late in the day for the defendant school district in this particular case to avoid the rude grasp of the EAA, but if this opinion and others constantly reaffirm the potential power of state sovereignty, future cases may go differently and the pendulum will swing back in favor of the states and local control.

In this particular case, the parties have stipulated to the facts which the Court will now review. The plaintiffs, in May of 1991, consisted of three ninth grade students and their parents. The students attended Robert Stuart Junior High School in Twin Falls School District No. 411 (District). The District is the only named defendant. Students at Robert Stuart Junior High School, and other secondary schools in the District, are permitted to form and join various non-curriculum related student groups which meet after school hours on school premises.

On August 29, 1990, the plaintiffs met with the vice-principal for their school and requested that they be permitted to form a Christian religious club and meet at the school during non-instructional time. The club's purpose was to permit its members to read and discuss the Bible, and to have fellowship and pray together. Membership would be voluntary and open to all students. The matter was eventually referred to the District's Board of Trustees who denied the request in a meeting held December 11, 1990.

The plaintiffs responded by filing this action seeking a declaratory judgment that the District denied plaintiffs' rights under the EAA. In addition, the plaintiffs seek an injunction enjoining the District from treating the plaintiffs differently from other non-curriculum related groups or clubs.

The EAA prohibits public secondary schools that receive federal financial assistance and that maintain a "limited open forum" from denying "equal access" to students who wish to meet within the forum on the basis of the content of the speech at such meetings. Title 20 U.S.C. § 4071(a). In other words, if the school allows one club to meet on school grounds, it may not deny access to other clubs on the basis of the content of their speech. The parties have stipulated that the District receives federal financial assistance and maintains a "limited open forum" under the EAA by allowing other student clubs to use school facilities. The only issue raised in the briefing is whether the Idaho Constitution takes precedence over the EAA and prohibits religious clubs from meeting on school property.

Both parties acknowledge the recent United States Supreme Court case finding the EAA constitutional under the Establishment Clause of the First Amendment. *Westside Community Schools v. Mergens,* 495 U.S. ——, 110 S.Ct. 2356, 110 L.Ed.2d 191 (1990). The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion...." Supreme Court cases have interpreted that clause to require the statute under attack to have a secular purpose, a secular primary effect, and a structure that avoids excessive church-state entanglement. *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).

In *Mergens,* a case basically identical to this one, the Supreme Court found that the EAA had a secular purpose: The goal of the EAA was to prevent discriminatory

censorship whether based on religious, political, or other grounds. The Court also held that the primary effect of the EAA was not to advance religion. In so finding, the Court noted the crucial difference between Government speech endorsing religion—forbidden by the Establishment Clause—and private speech endorsing religion—protected by the Free Speech and Free Exercise Clauses. Finally, the Court found that the EAA did not create a risk of entanglement between Government and religion because faculty members were specifically prohibited from any participation beyond chaperoning during the religious meetings, and the schools were prohibited from promoting the religious groups.

In the present case, the District argues that even though the EAA may pass scrutiny under the Establishment Clause, the statute requires the District to violate the Idaho Constitution. Specifically, the District cites Article 9, Section 6, of the Idaho Constitution which provides as follows:

> No sectarian or religious tenets or doctrines shall ever be taught in the public schools.... No books, papers, tracts or documents of any political, sectarian or denominational character shall be used or introduced in any schools....

In addition, Article 9, Section 5, of the Idaho Constitution provides as follows:

> [No] ... school district ... shall ever make any appropriation, or pay from any public fund or monies whatever, anything for any sectarian or religious purpose ...; nor shall any grant or donation of land, money or personal property ever be made by ... such public corporation ... for any sectarian or religious purpose.

In interpreting these provisions, the Idaho Supreme Court has held that the framers of the Idaho Constitution intended to more "positively enunciate the separation between church and state than did the framers of the United States Constitution." *Epeldi v. Engelking*, 94 Idaho 390, 395, 488 P.2d 860, 865 (1971).

Assuming, *arguendo*,[1] that the EAA would force the District to violate the Idaho Constitution by requiring the District to allow religious clubs to use school buildings for meetings, the issue that must be resolved is this: Which law prevails—federal or state? And the starting place for resolution of that issue is the Supremacy Clause, Article VI, which provides as follows:

> The Constitution and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding.

■ As the Supremacy Clause makes clear, the laws of Congress which are made "in pursuance" of the Constitution will prevail whenever there is a direct conflict with the constitutional law of a state. *Silkwood v. Kerr–McGee*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984).

The threshold inquiry that must be made is whether the EAA was passed "in pursuance" of the Constitution. *Mergens* answered the question whether Congress, in passing the EAA, complied with the Establishment Clause. But *Mergens* did not address whether the EAA violated other constitutional limitations on congressional power.

■ It is very important to remember that Congress is a legislative body possessing only limited powers granted to it by the Constitution. An act of Congress is invalid unless it is affirmatively authorized under the Constitution. State actions, in contrast, are valid as a matter of federal constitutional law unless prohibited, explicitly or implicitly by the Constitution. TRIBE, *American Constitutional Law*, § 5.2, p. 298 (2d ed. 1988). When Congress passes any law, including the EAA which mandates certain conduct based on the receipt of federal funds, Congress must remain

---

**1.** Plaintiffs do not argue here that the EAA and the Idaho Constitution can be reconciled. For a revealing study of the passage of the above-quoted provisions of the Idaho Constitution, see COLSON, *Idaho's Constitution: The Tie That Binds* (1991).

within the limitations imposed both by the Bill of Rights and the Constitution's implicit protections of state sovereignty. TRIBE, *supra*, at § 5–10, p. 323.

In *Mergens*, there was only the briefest discussion of whether the EAA violated state sovereignty.[2] The Thirteen Original States were in existence before the United States, and the states continue to be sovereign within their territories so long as there is no conflict with constitutionally enacted federal law. The chief source of state sovereignty is found in the Tenth Amendment which provides that the powers not delegated to the United States by the Constitution nor prohibited by it to the states are reserved to the states respectively, or to the people. The Supreme Court has held that the Tenth Amendment "expressly declares the constitutional policy that Congress may not exercise power in a fashion that impairs the states' integrity or their ability to function effectively in a federal system." *Fry v. United States*, 421 U.S. 542, 547, at n. 7, 95 S.Ct. 1792, 1795, at n. 7, 44 L.Ed.2d 363 (1975).

The EAA challenges Idaho's sovereign power by requiring schools within the state to disregard the state's constitution. Furthermore, the EAA constitutes federal intrusion into local school administration. Why is such a thing tolerated? The simple answer is federal money: so beguiling and so compromising. Once the District accepts the federal handout, the District is bound by the heavy federal conditions attached to the payment. The United States Supreme Court has continually upheld the authority of Congress to place various conditions on recipients of federal funds. *E.g.*, *South Dakota v. Dole*, 483 U.S. 203, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987). In addition, the Supreme Court has consistently limited local control over the schools when the First Amendment is at issue. *West Virginia Bd. of Educ. v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628

(1943); *Tinker v. Des Moines School Dist.*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).

Because the defendant District in this case has accepted federal money, and because the conditions imposed by the EAA on the recipients of that money directly involve First Amendment values, the EAA's violation of state sovereignty is not fatal to its objectives. But in other cases, under slightly different circumstances, that result could change. The Supreme Court has recognized that "public education in our Nation is committed in the control of state and local authorities" and that federal courts shall not ordinarily "intervene in the resolution of conflicts which arise in the daily operation of school systems." *Board of Education v. Pico*, 457 U.S. 853, 864, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). While in the case before the Court there is a confluence of factors that saves the EAA, other federal intrusions may not survive scrutiny.

A potent source of state power lies in the state constitution. A state constitutional grant is adequate if it is more protective of a right than an analogous provision of the federal constitution—provided that protection of the state constitutional right does not infringe a competing federal guarantee. *See, e.g., PruneYard Shopping Center v. Robins*, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). For example, the California Supreme Court has held that the California Constitution invalidated a state statute authorizing the state superintendent of public instruction to lend textbooks to sectarian schools even though the federal constitution would permit the lending. *California Teachers Ass'n v. Riles*, 29 Cal.3d 794, 632 P.2d 953, 176 Cal.Rptr. 300 (1981). In another decision, the same court held that the California Constitution required the exclusion from evidence of statements of criminal defendants that would have been admitted under the federal con-

**2.** Justices Kennedy and Scalia address the issue in an aside in their concurring opinion by simply noting that "This decision [to intervene in local school affairs] was for Congress to make." 495 U.S. at ——, 110 S.Ct. at 2376, 110 L.Ed.2d at 221. Justice Stevens' dissent touched on the issue by recognizing the long tradition of local control over the schools but never directly addressed the issue of state sovereignty. 495 U.S. at ——, 110 S.Ct. at 2392–93, 110 L.Ed.2d at 240–241.

stitution. *People v. Disbrow*, 16 Cal.3d 101, 545 P.2d 272, 127 Cal.Rptr. 360 (1976). These cases and others establish that the states are free to use their own constitutions to restrict or prohibit activity that the federal constitution permits. But when federal law mandates rather than simply permits certain activity, and that congressional mandate does not violate any of the limitations on congressional power such as the Bill of Rights and the implicit protections of state sovereignty, the Supremacy Clause takes over and prohibits the states from using their own constitution to block the federal law.

The defendant District has cited a federal district court opinion holding that the EAA was unconstitutional under the Washington State Constitution. *Garnett v. Renton School District No. 403*, 675 F.Supp. 1268 (W.D.Wash.1987), *aff'd on other grounds* 874 F.2d 608 (9th Cir.1989), *vacated and remanded* for further consideration in light of *Mergens*, —— U.S. ——, 110 S.Ct. 2608, 110 L.Ed.2d 628 (1990). In that case, the district court found that the Washington Constitution required a strict separation between church and state incompatible with the EAA's mandate for equal access. Unfortunately, the court did not discuss the Supremacy Clause. In addition, the district court opinion was rendered prior to *Mergens*, and thus the district court did not have the benefit of that Supreme Court decision. These factors render *Garnett* of no precedential value to this Court.

In conclusion, the Court finds that the EAA was passed "in pursuance" of the Constitution and that there is an arguable conflict between the EAA and the Idaho Constitution. Under these circumstances, the Supremacy Clause provides that the Idaho Constitution cannot be used to block operation of the EAA. While Congress may have acted within its boundaries here, it was on the edge. It is only by continually reaffirming the limits on congressional power that we can prevent encroachment by Congress into areas it has no business being in.

The Court shall therefore enter the declaratory judgment requested by the plaintiffs and find that the defendant's refusal of plaintiffs' request for use of the facilities of a secondary school within the defendant school district during non-instructional time for the purpose of Bible study and discussion, fellowship, prayer and religious speech in non-curriculum related purposes is a violation of the Equal Access Act. In addition, the Court shall grant the injunction requested by the plaintiffs enjoining the defendant from interfering with the rights granted to the plaintiffs by the Equal Access Act to form a student Christian club at a secondary school within the defendant school district.